UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDY H.,[1]

                            Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

DECISION & ORDER

18-CV-0714MWP

**PRELIMINARY STATEMENT**

On June 26, 2018, plaintiff Brandy H. ("plaintiff") commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). (Docket # 1). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 15). On March 27, 2020, this Court entered a judgment reversing the Commissioner's denial of SSI and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket # 16). Judgment was entered remanding the case on March 30, 2020. (Docket # 17).

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

Following the entry of the judgment, plaintiff's counsel, the Law Offices of Kenneth R. Hiller, PLLC ("Hiller"), filed the pending motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8909.44.[2] (Docket # 24 at 6). The Commissioner opposes the motion, arguing plaintiff is not entitled to fees because the Commissioner's position, while not persuasive, was substantially justified both at the administrative level and before this Court. (Docket # 20). In the alternative, the Commissioner maintains plaintiff's EAJA fee request should be denied because an award would be unjust under the special circumstances of this case. (*Id*. at 6-8). For the reasons discussed below, plaintiff's motion for attorney fees under the EAJA is granted and plaintiff is awarded $8,909.44 in fees.

## ANALYSIS

The EAJA authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). An EAJA fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). If the Court finds that the position of the United States was not substantially justified, and that there were no special circumstances to make an award unjust, then the "Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant

---

[2] Initially, plaintiff sought fees in the amount of $7,742.33. (Docket # 18-1 at 5). In its reply submission, plaintiff requested additional fees for time expended in connection with its reply to the Commissioner's opposition to the EAJA fee application. (Docket # 24 at 6).

2

has the burden to establish the reasonableness of both." *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

I.       **Substantially Justified or Special Circumstances**

The Commissioner bears the burden of showing that its position was "substantially justified," which the Supreme Court has construed to mean "justified to a degree that could satisfy a reasonable person." *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  To accomplish this, the Commissioner must make a "strong showing that its position in the underlying civil action . . . was reasonable." *Leon ex rel. J.E.V. v. Colvin*, 2018 WL 4404577, *2 (W.D.N.Y. 2018).

In support of its contention that its position to oppose remand was substantially justified, the Commissioner simply reiterates the same arguments it presented to this Court in opposition to the plaintiff's appeal.  (*See generally* Docket # 20 at 3-6).  I find such arguments insufficient to demonstrate the requisite "strong showing" necessary to establish that the Commissioner's underlying position was substantially justified.  *See Padula v. Colvin*, 602 F. App'x 25, 27 (2d Cir. 2015) (summary order) ("the Commissioner continues to urge a view of the evidence suggesting that it should have prevailed on the merits of the prior appeal, but this reprise of arguments we previously found unavailing is insufficient on its own to show that her position had a reasonable basis in both law and fact") (internal quotations and alterations omitted).  Accordingly, I conclude that the Commissioner has failed to meet its burden to demonstrate substantial justification.

I reach the same conclusion regarding the Commissioner's contention that special circumstances exist which would make an award of attorney's fees in this case unjust.  In "rare situations," equitable considerations may make an EAJA fee award unjust.  *Mills v. Colvin*, 2013

WL 1499606, *3 (N.D.N.Y. 2013).  The "EAJA's 'special circumstances' exception is a 'safety valve' that gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'"  *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (quoting *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004)).

　　　　　The crux of the Commissioner's position is that this Court's decision to remand relied upon two recent Second Circuit cases, *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019) and *Ferraro v. Saul*, 806 F. App'x 13 (2d Cir. 2020), which were issued following the briefing on the cross-motions for judgment on the pleadings filed in this case.  (Docket # 20 at 7).  According to the Commissioner, plaintiff failed to apprise the Court of this controlling authority and "does not deserve attorney[s'] fees when she left it to the Commissioner and the Court to discover new Second Circuit authority."  (Docket # 20 at 7).  I disagree.

　　　　　Although this Court cited the most recent Second Circuit authority in its decision, the holdings in those cases were not the primary basis for remand.  In *Estrella*, the Second Circuit held that the ALJ commits a procedural error when it fails to explicitly discuss the *Burgess* factors.  *Estrella v. Berryhill*, 925 F.3d at 95-96.  Similarly, in *Ferraro*, the Second Circuit held that the ALJ failed to correctly apply the treating physician rule, in part, because he failed to explicitly consider the nature and extent of the treating history provided by the physician.  *Ferraro v. Saul*, 806 F. App'x at 15.  Yet, this Court's determination to remand was based primarily on the ALJ's failure to consider treatment notes from the opining treating physician and other providers, all of which were consistent with the limitations assessed by the treating physician.  (Docket # 16 at 12-15).  Particularly troubling to the Court was that the ALJ seemingly overlooked significant medical evidence documenting plaintiff's cervical impairment.

4

(*Id.*).  The outcome of the determination simply did not hinge on the holdings in *Estrella* or *Ferraro*.

The Commissioner also contends that an award of attorneys' fees is unwarranted because plaintiff's attorneys failed to articulate with specificity the medical findings contained in the treatment notes that supported the treating physician's opinion.  (Docket # 20 at 7).  I disagree.  Accordingly, I do not find that any special circumstances exist in this case that would make an award of attorneys' fees unjust.

## II.    Reasonableness of Fees

The reasonableness of EAJA fees is "determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute."  *Jill A. ex rel. J.S.E.W. v. Kijakazi*, 2022 WL 170406, *1 (W.D.N.Y. 2022).  Specifically, the EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The current statutory cap of $125 per hour took effect in 1996.  *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citation omitted).  A court may adjust the hourly rate upward to account for inflation as determined by the Consumer Price Index ("CPI").  *See Isaacs v. Astrue*, 2009 WL 1748706, *3 (W.D.N.Y. 2009).

Here, Hiller seeks fees at adjusted hourly rates ranging between $201.59 and $205.84.  (Docket # 18-1 at 5).  I find these adjustments to be appropriate.  *See Jiminez ex rel. D.S.J. v. Comm'r of Soc. Sec.*, 2023 WL 7304680, *2 (S.D.N.Y.) ("the [c]ourt finds that [the attorney's] claimed hourly rate of $230.00 is reasonable[;] . . . [b]ecause the CPI fluctuates, appropriate CPI-adjusted rates will vary from year to year), *report and recommendation adopted*

*by*, 2023 WL 6533501 (S.D.N.Y. 2023); *Jill A. ex rel. J.S.E.W. v. Kijakazi*, 2022 WL 170406 at *1 (approving CPI-adjusted effective hourly rate of $218.02). Furthermore, I find that the 43.45 hours devoted to this case, as detailed in counsel's submission (Docket ## 18-2; 24-1), are reasonable. *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) ("district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time") (collecting cases). Therefore, the Court concludes that the requested fees are reasonable.

"EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010). While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to their attorney, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer"). In this case, plaintiff has assigned her right to any EAJA fee award to Hiller. (Docket # 18-3). Accordingly, "if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that [p]laintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to [p]laintiff's attorney." *Frost v. Comm'r of Soc. Sec.*, 2020 WL 7253345, *2 (W.D.N.Y. 2020).

## CONCLUSION

For these reasons, Hiller's motion for attorneys' fees pursuant to 28 U.S.C. § 2412 **(Docket # 18)** is **GRANTED**. The court awards Hiller attorneys' fees in the amount of

$8,909.44 payable directly to Hiller, unless the government declines to waive application of the Anti-Assignment Act, in which case the award shall be payable to plaintiff, but delivered to plaintiff's counsel.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 20, 2024